IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RIM ROCK AGGREGATES LLC**
**TOP ROPE HOLDINGS LLC**
4355 Cobb Parkway
Suite J 555
Atlanta, GA 30339-3896,

               Plaintiffs,

vs.

**U.S. INTERNAL REVENUE SERVICE**
1111 Constitution Avenue, NW
Washington, D.C. 20224,

               Defendant.

Civil Action No. 24-cv-0545

## COMPLAINT

Plaintiffs Rim Rock Aggregates LLC ("Rim Rock") and Top Rope Holdings LLC ("Top Rope") (collectively, "Taxpayers" or "Plaintiffs") bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief against the Defendant, the Internal Revenue Service ("IRS" or "the Service"). Taxpayers challenge the IRS's failure to make a timely decision concerning Taxpayers' requests for public records, as well as its failure to release all responsive and non-exempt records, relating to potentially false statements made by the IRS. In support, Taxpayers allege the following:

### INTRODUCTION

1. According to the IRS, in guidance first issued 60 years ago, it is the IRS's duty to "correctly [apply] the laws enacted by Congress" and "to perform this work in a fair and impartial manner, with neither a government nor a taxpayer point of view." Rev. Proc. 1964-22. To that end, the Service routinely scrutinizes federal income tax returns filed by Americans for false

statements: false reporting of income, false reporting of expenses, or false reporting of other information of significance, including the dates on documents that could affect a tax determination. As the IRS is wont to say, our system depends on the integrity of information presented to decision-makers in the tax system, such as revenue agents and collection agents. True enough. It is a well-worn axiom that the people "must turn square corners when they deal with the Government." *Rock Island, A. & L.R. Co. v. United States*, 254 U.S. 141, 143 (1920).

2. But it is also true—and perhaps even more fundamental to our system of government—that "the Government should turn square corners in dealing with the people." *See Department of Homeland Security v. Regents of the University of California*, 140 S. Ct. 1891, 1909 (2020) (quoting *St. Regis Paper Co. v. United States*, 368 U.S. 208, 229 (1961) (Black, J., dissenting)). While it is important for taxpayers not to report false information to the IRS, it is even more important for the IRS not to report false information about taxpayers. The IRS wields tremendous power in our society—including the power to impose stiff financial penalties on citizens for misstatements. *See McCulloch v. Maryland,* 17 U.S. 316, 426 (1819) (commenting that "the power to tax equals the power to destroy"). In light of this sweeping authority, Congress requires IRS agents to undertake important procedural steps before these penalties may be imposed on citizens, and to document these steps in the written records associated with taxpayers.

3. Far from turning square corners, the IRS agents working on audits of some taxpayers have created falsified records to support imposition of penalties or failed to follow procedural safeguards before asserting penalties. Specifically, the IRS intentionally backdated internal documents to support the imposition of penalties against taxpayers and to create the false appearance that the IRS had followed the rules imposed by Congress to protect the citizenry against IRS abuse. This type of abhorrent behavior led a court to sanction the IRS in another Tax Court

2

case, *LakePoint Land II, LLC, LakePoint Land Group, LLC, Tax Matters Partner v. Commissioner*, Tax Court Docket No. 13925-17. In three other cases, discussed below, documents produced to the taxpayers in discovery revealed clear evidence of similar backdating.

4. The IRS recently conceded penalties in the Tax Court cases relating to the partnerships involved here, which potentially might have totaled tens of millions of dollars had the IRS prevailed. Given the participation of multiple IRS employees in unrelated audits in backdating of penalty approval documents, such behavior may well be commonplace among IRS employees auditing tax returns of taxpayers who claimed deductions for the donation of conservation easements. Taxpayers believe that such behavior may have occurred during the audits of Taxpayers' tax returns.

5. Congress has armed the people with an important tool to ferret out and expose government wrongdoing. The Freedom of Information Act "was intended to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Am. Civil Liberties Union v. U.S. Dep't of Justice*, 655 F.3d 1, 5 (D.C. Cir. 2011) (citations omitted). To vindicate these interests of democratic accountability, Taxpayers seek the records described below.

## PARTIES

6. Plaintiff Rim Rock Aggregates LLC is an Alabama limited liability company with its principal place of business in Atlanta, Georgia.

7. Plaintiff Top Rope Holdings LLC is an Alabama limited liability company with its principal place of business in Atlanta, Georgia.

8. Defendant IRS is an agency of the U.S. government and is headquartered in Washington, D.C. The IRS has possession, custody, and control of certain public records that

Taxpayers have sought to access under the Freedom of Information Act, 5 U.S.C. § 552. The IRS is responsible for fulfilling this request.

## JURISDICTION AND VENUE

9. This Court has jurisdiction to preside over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

10. This Court is the proper venue for this action under 28 U.S.C. § 1391(e).

## JOINDER OF PLAINTIFFS

11. Joinder of Taxpayers as plaintiffs in one action is proper under Federal Rule of Civil Procedure 20(a)(1)(A) and (B) because they assert a right to relief arising out of the same occurrence and series of occurrences, and questions of law and fact common to all plaintiffs will arise in the action.

## FACTS

### Requests under the Freedom of Information Act

12. The Freedom of Information Act "was enacted to facilitate public access to Government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). FOIA implements "a general philosophy of full agency disclosure" of government records. *U.S. Dep't of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 754 (1989). The statute accordingly specifies that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules ... shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). An agency must disclose agency records, unless "the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in [5 U.S.C. § 552(b)]" or "disclosure is prohibited by law." 5 U.S.C. § 552(a)(8)(A)(i); *see also U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 150–51 (1989).

4

13. On January 8, 2024, pursuant to rights granted by Congress under the Freedom of Information Act, Taxpayers submitted to the IRS requests for copies of government records. Taxpayers requested that the IRS produce copies of documents relating to the IRS's audits of Taxpayers.

### Potential IRS Backdating of Official Records

14. In or about December 2018, each Taxpayer donated a conservation easement on a separate parcel of real estate to a qualified charitable organization for conservation purposes. Each Taxpayer claimed a tax deduction for the charitable contribution of the conservation easement. Each Taxpayer's partners deducted on their individual tax returns, up to certain limits, a portion of the contribution that corresponded to their respective ownership share in the partnership.

15. In or about October 2020, the IRS initiated examinations, commonly known as audits, of certain tax returns filed by Taxpayers.

16. Congress requires the IRS to comply with various internal requirements before assessing certain penalties against taxpayers. For example, the Internal Revenue Codes provides that the IRS may not assess certain penalties "unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination" or certain higher level IRS officials. *See* 26 U.S.C. § 6751(b)(1). Accordingly, to lawfully assess penalties against Taxpayers, an IRS Agent would have been required to make the initial determination to assert each penalty, and his supervisor, an IRS Manager, would have been required to approve that determination in writing before penalties were assessed. This approval process applies to, among other things, certain penalties involving "substantial" and "gross" valuations under the Code. *See* 26 U.S.C. §§ 6662(e) & (h) (collectively the "Valuation Penalties").

17. On information and belief, the IRS might have failed to fulfill these requirements prior to Valuation Penalties being assessed against Taxpayers.

18. On January 23, 2023, the IRS issued a Final Partnership Adjustment ("FPA") to each Taxpayer, disallowing the claimed tax deduction for the charitable contribution of the conservation easement and asserting the penalty pursuant to 26 U.S.C. § 6663, a gross valuation misstatement penalty pursuant to 26 U.S.C. § 6662(h), a substantial understatement penalty pursuant to 26 U.S.C. § 6662(d), a negligence penalty pursuant to 26 U.S.C. § 6662(c), a substantial valuation misstatement penalty pursuant to 26 U.S.C. § 6662(e), and a reportable transaction understatement penalty pursuant to 26 U.S.C. § 6662A.

19. Taxpayers filed petitions in United States Tax Court challenging the adjustments in the FPAs, including the valuation penalties. Taxpayers are the petitioners in two separate litigations that are currently pending in the United States Tax Court, styled:

   A. *Rim Rock Aggregates, LLC, Rim Rock Partners, LLC, Partnership Representative v. Commissioner*, Tax Court Docket No. 2564-23.

   B. *Top Rope Holdings, LLC, Top Rope Partners, LLC, Partnership Representative v. Commissioner*, Tax Court Docket No. 2559-23.

20. In the *LakePoint* case, IRS Revenue Agents engaged in fraudulently backdating documents in an effort to conceal their failure to comply with the requirement to obtain written supervisory approval before assessing penalties. The IRS subsequently filed a false affidavit and wrongly advised the Tax Court that the IRS had complied with the written approval requirement. The Court ultimately found that IRS's "counsel was less than forthcoming with this Court" and that IRS counsel "knew or should have known . . . that his representations made to this Court were less than accurate and lacked candor and that [the] [d]eclaration was false…." The court found

IRS's counsel's conduct to be in "bad faith" and imposed sanctions, but reserved ruling on the award of costs and fees.

21. To avoid further embarrassment and inquiry into its illegal activities, the IRS chose to settle the *LakePoint* case, and in the process forwent tens of millions of dollars in penalties.

22. In similar Tax Court cases captioned below (collectively, the "*Arden* cases"), IRS agents also backdated penalty documents; the IRS has indicated its intent to settle these cases and the parties have reached a tentative basis for settlement:

   A. *Arden Row Assets, LLC, Natural Aggregates Partners, LLC, Partnership Representative v. Commissioner*, Tax Court Docket No. 3817-23.

   B. *Basswood Aggregates, LLC, Basswood Partners, LLC, Partnership Representative v. Commissioner*, Tax Court Docket No. 3820-23.

   C. *Delwood Resources, LLC, Delwood Partners, LLC, Partnership Representative v. Commissioner*, Tax Court Docket No. 3821-23.

23. IRS assessed valuation penalties against all three taxpayers in the *Arden* cases, which each taxpayer challenged in Tax Court. After discovery requests in those cases exposed the backdating, and after each taxpayer submitted FOIA requests and engaged in FOIA litigation regarding the same, IRS agreed to a tentative settlement.

24. Similar to its behavior in the *LakePoint* and *Arden* cases, IRS has chosen to abandon its position on penalties in the Tax Court cases against Rim Rock and Top Rope. On January 5, 2024, despite having sought penalties that could potentially amount to tens of millions of dollars, the IRS filed a Notice of Concession in Rim Rock's and Top Rope's cases stating that IRS was conceding all penalties at issue which had been assessed in the FPA for each Taxpayer. The IRS did not provide any explanation for *sua sponte* abandoning its claims for penalties under Internal

Revenue Code sections 6662, 6662A, and/or 6663, which suggests that it may have identified improprieties in the penalty approvals similar to those seen in the *LakePoint* and *Arden* cases and decided to resolve these cases before additional examples in its pattern of fraudulent conduct came to light.  A portion of the Notice of Concession for Rim Rock appears below:

> 2. In the FPA, respondent also determined that penalties under Internal Revenue Code sections 6662, 6662A, and/or 6663 applied to any underpayment of tax resulting from the disallowance of the Charitable Deduction at Issue ("Penalties at Issue").
>
> 3. By letter dated December 21, 2023, respondent informed petitioner's counsel that respondent was conceding the Penalties at Issue.  Respondent is filing the instant Notice of Concession in order to memorialize such concession with the Court.  To be clear, respondent has conceded all of the penalties set forth in the FPA.

**Plaintiffs' FOIA Requests Are Proper Under The Law**

25.     Plaintiffs filed substantially identical FOIA requests asking the IRS to produce copies of documents relating to the IRS's audit of each Plaintiff fitting any of the following categories:[1]

1. All versions of Penalty Consideration Lead Sheets or Section 6751(b) Compliance Documents purportedly prepared by Jayme W. Van Wyk and all versions of Penalty Consideration Lead Sheets or Section 6751(b) Compliance Documents purportedly approved by Thomas W. Winegar, in native form, and all associated metadata, including all versions of the documents with a purported preparation date of 12/14/2021, and all versions of the documents with a purported approval date of 12/14/2021, and all versions of the documents approved on or about 12/14/2021.

---

[1] Taxpayers filed two separate FOIA requests, each requesting the same information about their respective audits.

2. All communications, including e-mails and text messages, relating to the evaluation of, determination to assert, or communication asserting, any penalty, including but not limited to communications with IRS employees Jayme W. Van Wyk, Thomas W. Winegar, their supervisors and managers, and any other IRS employee assisting in this matter.

3. All communications, including e-mails and text messages, between and among IRS personnel, including but not limited to Jayme W. Van Wyk and Thomas W. Winegar relating to the preparation or content of the Penalty Consideration Lead Sheet(s) and Section 6751(b) Compliance Documents prepared by Jayme W. Van Wyk and approved by Thomas W. Winegar.

4. All communications, including e-mails and text messages, between and among IRS personnel, including but not limited to Jayme W. Van Wyk and Thomas W. Winegar, relating to the collection and production by the IRS of the Administrative File to the taxpayers in connection with the audit of the 2018 tax years or litigation in U.S. Tax Court.

5. All activity records for Jayme W. Van Wyk and Thomas W. Winegar in this matter.

6. All communications, including e-mails and text messages, between and among IRS personnel, including but not limited to Jayme W. Van Wyk, Thomas W. Winegar, and Scott Lyons relating to the collection and production by the IRS of the Administrative File produced to the Petitioner on November 28, 2022.

26. None of the materials requested are subject to exemptions or exceptions from FOIA.

**The IRS Failed To Respond Adequately To Plaintiffs' Requests for Public Records**

27. IRS is required within 20 days of receipt to inform FOIA requestors whether it will comply with or deny the request. 5 U.S.C. § 552(a)(6)(A). IRS received Taxpayers' requests on January 9, 2024. IRS extended the timeline for a response by 10 working days pursuant to 5 U.S.C. § 552(a)(6)(B). Accordingly, IRS's response to the FOIA requests was due on or about February 22, 2024.

28. IRS has not produced records responsive to Taxpayers' FOIA requests.

29. Plaintiffs have exhausted available administrative remedies with respect to their FOIA requests.

## COUNT I

### Defendant Has Wrongfully Withheld Non-Exempt Public Records In Violation Of FOIA, 5 U.S.C. § 552.

Plaintiffs incorporate and re-allege Paragraphs 1–28.

30. Plaintiffs submitted to Defendant requests for public records that reasonably described the records sought and fully conformed to Defendant's published FOIA regulations.

31. Defendant has withheld, and continues to withhold, non-exempt documents responsive to Plaintiffs' FOIA requests.

32. Accordingly, Defendant has unlawfully withheld, and continues to unlawfully withhold, public records in violation of 5 U.S.C. § 552.

33. Defendant's conduct has caused irreparable harm by depriving Plaintiffs of their right to public records under the law. Defendant's conduct will continue to cause such harm until Defendant is compelled to obey the law.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

A. Order the Defendant to conduct an adequate search for all records responsive to Plaintiffs' FOIA requests and demonstrate the use of search methods reasonably likely to lead to the discovery of records responsive to Plaintiffs' FOIA requests.

B. Order the Defendant to produce, by a certain date, all non-exempt records responsive to Plaintiffs' FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption.

C. Enjoin the Defendant from continuing to withhold all non-exempt records responsive to Plaintiffs' FOIA requests.

D. Award Plaintiffs their costs and reasonable attorneys' fees in this action, according to 5 U.S.C. § 552(a)(4)(E).

E. Award any other further relief that the Court deems equitable and just.

Dated:  February 27, 2024                Respectfully submitted,

<u>/s/ Rod J. Rosenstein</u>
Rod J. Rosenstein (D.C. Bar No. 432439)
Michael Pauze (D.C. Bar No. 453417)
Edmund Power (D.C. Bar No. 1013078)
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Suite 900
Washington, DC 20006
Telephone: (202) 737-0500

*Counsel for Plaintiffs Rim Rock Aggregates LLC and Top Rope Holdings LLC*